# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON LEE, | 2:18-cv-01297 |
| Plaintiff, | |
| vs. | Chief United States Magistrate Judge Cynthia Reed Eddy |
| TROOPER ADAM JANOSKO, BADGE #11011; CAPTAIN SARAH TEAGARDEN, ERIC RARDAIN, SPECIAL AGENT; TROOPER JOHN BOARDMAN, CAPTAIN F. SALVAY, C/O IV; L. FISCUS, HEARING EXAMINER; AND LT. M. V. SMITH, C/O III; | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER[1]

Before the Court is Defendant Special Agent Eric Rardain's Motion to Dismiss Amended Complaint, with brief in support (ECF Nos. 43 and 44). For the reasons that follow, the motion will be granted and Special Agent Rardain will be dismissed with prejudice.

### Background

Plaintiff Donovon Lee, a Pennsylvania state prisoner currently housed at SCI Forest, commenced this lawsuit on September 28, 2018. (ECF No. 4). He subsequently filed an Amended Complaint on March 11, 2019, which supersedes the original complaint and is his operative pleading in this case. (ECF No. 41). Named as Defendants are Pennsylvania Department of Corrections ("DOC") officers L. Fiscus, Captain F. Salvay, and Lt. M.V. Smith; Pennsylvania State Police ("PSP") Captain Sarah Teagarden, PSP Troopers John Boardman and Adam Janosko

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and entry of judgment. *See* ECF Nos. 18, 36, and 39.

1

(collectively referred to as the "Commonwealth Defendants") and FBI Special Agent Rardain ("SA Rardain"). Plaintiff brings his claims against the Commonwealth Defendants pursuant to 42 U.S.C. § 1983 and alleges that the Commonwealth Defendants have violated his Fourth, Sixth, and Eighth Amendment rights to the United States Constitution. Amended Complaint, ¶ II(B). He brings his claim against SA Rardain pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).[2] Specifically, Plaintiff alleges that SA Rardain and Trooper Boardman "did knowingly and willing use their positions in law enforcement to violate Mr. Lee's 8th Amendment right to be free of cruel and unusual punishment by using a torture tactic to get answers they wanted to hear even if they were not true and Captain Salvay watched and took no action to prevent it." *Id*. at ¶ II(D).

The Commonwealth Defendants filed an Answer to the Amended Complaint on March 25, 2019. (ECF No. 47). Defendant SA Rardain filed the instant motion to dismiss pursuant to (i) Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction over any claims against SA Rardain in his official capacity and (ii) Federal Rule of Civil Procedure (b)(6) arguing that Plaintiff's claims are a new context that would expand the *Bivens* remedy beyond the three specific contexts recognized by the Supreme Court of the United States. In the alternative, SA Rardain argues that if the Court recognizes a *Bivens* remedy, Plaintiff's claims should be dismissed for failure to state a claim as he has failed to establish that any constitutional violation occurred and any claim for money damages should be dismissed under the doctrine of

---

[2] A *Bivens* action, as they are known, recognizes an implied cause of action directly under the authority of the U.S. Constitution, where there is an absence of any statute specifically conferring the cause of action.

qualified immunity. Plaintiff filed a brief in opposition (ECF No. 50), and Defendant SA Rardain filed a reply brief. (ECF No. 53). The motion is now ripe for review.

## Plaintiff's Allegations

In the sole allegation of the Amended Complaint which relates to Defendant SA Rardain, Plaintiff alleges the following:

> On 1/18/2018 around approx. 2245 hours FBI Special Agent Eric Rardain and Pennsylvania State Police Trooper John Boardman and Captain F. Salvey of the Pa DOC had Mr. Lee, Plaintiff, in a conference room at SCI Fayette to speak with Mr. Lee about PA 2018-59958 where Mr. Lee allegedly sent a letter laced with liquid K-2 to a state trooper causing the Trooper to go to the hospital which at the time Mr. Lee did not know of the allegations. FBI Special Agent Eric Rardain asked Mr. Lee how he was doing in which Mr. Lee responded that he was "tired and confused" as he did not know what was going on. FIB Special Agent Eric Rardain then asked if "they" [the defendants Rardain, Boardman, and Salvay] had woken Mr. Lee up to which Mr. Lee responded "No I was woken up when officers took my celly from the cell." Rardain asked if the interview could be recorded and Mr. Lee agreed. At which time Rardain and Boardman did knowingly and willingly use the most effective form of torture "sleep deprivation" knowing Mr. Lee was tired and confused to force a false confession (as accused by Capt. Salvay in misconduct CO92857) while Capt. Salvay watched and took no action. All in violation of Mr. Lee's 8th Amendment right to be free of cruel and unusual punishment.

Amended Complaint, ¶II(D)(2).

## Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A court's subject-matter jurisdiction is its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, -- U.S. -- , 137 S. Ct. 553, 560 (2017). The plaintiff has the burden of establishing that the court has subject matter jurisdiction, *Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 725 (E.D. Pa. 2008), and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.,* 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.,* 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268.

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

In order to withstand a Rule 12(b)(6) challenge, a complaint must allege sufficient factual content to support a plausible inference that the defendant is liable for the alleged wrongdoing. See *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010); *see In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and

4

sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner . . . may be inartfully drawn and should be read 'with a measure of tolerance' "). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

Keeping these standards in mind, the Court turns to the arguments raised by Defendant SA Rardain in his motion to dismiss.

## Discussion

A.  *Official-capacity claims against SA Rardain*

Defendant contends that the Court lacks subject matter jurisdiction over any claims asserted against SA Rardain in his official capacity. The Court agrees.

"There is no such animal as a *Bivens* suit against a public official . . . in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity . . . operates as a claim against the United States." *Watson v. Hollingsworth*, -- F. App'x --, 2018 WL 3301445, *4 (10th Cir. 2018) (citations omitted). *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that suits brought against an official in his or her official capacity are, "in all respects other than name, to be treated as a suit against the" United States).

Plaintiff has identified no facts or basis for finding a waiver of sovereign immunity by the United States. Because any claim against SA Rardain in his official capacity is a claim against the

United States, and because there has been no waiver of sovereign immunity in this context, the Court lacks subject matter jurisdiction over any official-capacity claims against SA Rardain. Accordingly, all claims against SA Rardain in his official capacity will be dismissed for lack of subject matter jurisdiction.

B.   *The Court Declines to Imply a Bivens Remedy for Plaintiff's Constitutional Claims*

In *Bivens,* the Supreme Court of the United States implied a private right of action under the Fourth Amendment for an unreasonable search and seizure claim against FBI agents for handcuffing a man in his own home without a warrant. Since then, the Supreme Court has recognized *Bivens* claims in only two more particular circumstances: (1) under the Fifth Amendment's Due Process Clause for gender discrimination against a Congressman for firing his female secretary, *Davis v. Passman,* 442 U.S. 228 (1979), and (2) under the Eighth Amendment's prohibition on cruel and unusual punishment against prison officials for failure to treat an prisoner's asthma which led to his death, *Carlson v. Green*, 446 U.S. 14 (1980). "These three cases—*Bivens, Davis, and Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself," *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1855 (2017), and "over the course of nearly four decades, the Supreme Court has repeatedly refused to recognize *Bivens* actions in any new contexts. *Cf. Carlson,* 446 U.S. 14, 100 S.Ct. 1468 (providing the last set of novel circumstances in which the Court implied a *Bivens* action)." *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

In *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017), the Supreme Court recognized *Bivens* actions but held that it will now take a more "cautious" approach to each *Bivens* case to determine if the action falls under the previous *Bivens* claims and will not accept a *Bivens* action that is brought in a new context. The Court made clear that "expanding the *Bivens* remedy is now a

disfavored judicial activity," *id*. at 1857, and that the purpose in taking this new cautious approach is to avoid intruding on the role of Congress to enact statutes for claims outside the current *Bivens* context. A *Bivens* action falls outside of the current *Bivens* context and is thus "novel" "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Id*. at 1859. Courts should no longer imply rights and remedies as a matter of course, "no matter how desirable that might be as a policy matter, or how compatible with the statute [or constitutional provision]. *Id*. at 1856 (quoting *Alexander v. Sandoval,* 532 U.S. 275, 286-87 (2001)); *Vanderklok*, 868 F.3d at 200.

If a claim presents a new context in *Bivens*, then the court must apply the two-step inquiry announced in *Wilkie v. Robbins*, 551 U.S. 537 (2007): (i) whether alternative remedies exist and (ii) whether there are special factors counseling against extension of *Bivens* into the new cause of action. *Id.* at 1857; *Vanderklok,* 868 F.3d at 200. At the second step, "the inquiry must concentrate on whether the judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 137 U.S. at 1857-58.

1. <u>Fifth Amendment Right Against Self-Incrimination</u>

Although Plaintiff attempts to frame his claim against SA Rardain as an Eighth Amendment violation, the claim includes assertions that SA Rardain's alleged conduct resulted in Plaintiff giving a "false confession. " Therefore, to the extent that Plaintiff has raised a Fifth Amendment claim, the Court finds that Plaintiff's claim is unlike the Fifth Amendment claim in *Davis*, the gender-discrimination claim. Thus, the Court concludes that this claim presents a new *Bivens* context, as it is meaningfully different from *Bivens, Davis, and Carlson*. Accordingly, the

7

Court now considers whether there are special factors present that counsel hesitation in this Court recognizing a *Bivens* remedy.

The question the Court must ask is " 'whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.' " *Vanderklok*, 868 F.3d at 200 (quoting *Wilkie*, 551 U.S. at 550). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.

Accordingly, the Court now considers whether there are special factors present that counsel hesitation in this Court recognizing a remedy. It is undisputed that Plaintiff has no other available remedy for obtaining money damages.[3] However, the lack of an alternative remedy for damages does not necessarily mean the Court should extend a *Bivens* remedy to this new context. The Court must still " 'make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed . . . to any special factors counselling hesitation before authorizing a new kind of federal litigation.' " *Wilkie*, 551 U.S. at 550 (quoting *Bush v. Lucas,* 462 U.S. 367, 378 (1983)).

The phrase "special factors counselling hesitation" has not been defined by the Supreme Court. "The necessary inference, though, is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, at 137 S.Ct. at 1857–58. Thus, a court must ask "who should decide whether to provide for a damages remedy, Congress or the

---

[3]     SA Rardain contends that to the extent criminal charges are lodged against Plaintiff based on his allegedly coerced confession, Plaintiff can rely on the criminal process to vindicate the alleged constitutional violation.

courts?" *Id*. at 1857. A "special factor counselling hesitation," is something that "cause[s] a court to hesitate before answering that question in the affirmative." *Id*. at 1858. Most often, the answer to this question will be Congress. *Id*. at 1857.

As Defendant SA Rardain points out, there are several "special factors counseling hesitation" to expand *Bivens* to this new context. For example, Congress has not been silent on the issue of coerced confessions. Rather, through 18 U.S.C. § 3501, Congress specifically addressed the admissibility of confessions in criminal cases and, in doing so, did not create a damages remedy for coercive interrogation tactics. As explained in *Ziglar,* "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Ziglar,* 137 S.Ct. at 1865. Moreover, courts have specifically refused to extend *Bivens* to coercion-based claims arising out of the criminal process, stating: "Expanding *Bivens* in this fashion would have a chilling effect on law enforcement officers and would flood the federal courts with constitutional damage claims by the many criminal defendants who leave the criminal process convinced that they have been prosecuted and convicted unfairly. *Vennes v. An Unknown No. of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995).

For these reasons, in accord with *Ziglar*, the Court finds that it should be left to the legislature and executive branches to determine whether an action for damages for a claim alleging the violation of one's right against self-incrimination exists against a federal agent. Thus, the Court will not extend *Bivens* to the context.

In the alternative, assuming without deciding that *Bivens* does afford a remedy in this new context, the Court finds that Plaintiff has failed to establish that SA Rardain's conduct violated his Fifth Amendment right against self-incrimination. The privilege against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or

9

adjudicatory," and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *United States v. Balsys*, 524 U.S. 666, 672 (1998) (quoting *Kastigar v. United States,* 406 U.S. 441, 444-45 (1972)). In *Chavez v. Martinez*, 38 U.S. 760 (2003), the Supreme Court explained that "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Id*. at 77 (emphasis in original). *See also Renda v. King*, 347 F.3d 550 (3d Cir. 2003). In this case, there are no allegations in the Amended Complaint that Plaintiff's confession was in fact used against him in a criminal case and as such, there can be no finding of a constitutional violation. Hence, the claim fails as a matter of law.

2.  Eighth Amendment Right Against Cruel and Unusual Punishment[4]

To the extent that Plaintiff has raised an Eighth Amendment claim, the Court finds that this too is a new *Bivens* context, as it is meaningfully different from *Bivens, Davis, and Carlson*.

As indicated *supra*, while *Carlson* extended the *Bivens* remedy to prisoners, it only did so for Eighth Amendment denial of medical care claims. Because Plaintiff's Eighth Amendment claim arises in a different context, the Court must proceed to the special factors analysis. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to *Bivens* suits. But the Act itself does not provide a standalone damages remedy against federal jailers. It could be argued that this

---

[4] Plaintiff alleges that his "forced confession" was a result of being subjected to "the most effective form of torture" - sleep deprivation - in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Amended Complaint at 6.

suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Ziglar,* 137 S.Ct. at 1865 (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new *Bivens* claim.

For the same reasons that counsel hesitation in the Fifth Amendment context discussed *supra*, the Court similarly declines to find an implied *Bivens* cause of action arising out of Plaintiff's Eighth Amendment claim in these circumstances.

<u>Conclusion</u>

For the above reasons, Defendant SA Rardain's Motion to Dismiss the Amended Complaint will be granted. Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 38), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick,* 481 F. App'x 34, 36 (3d Cir. 2012).

An appropriate Order follows.

**ORDER OF COURT**

**AND NOW**, this 6th day of June, 2019, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Amended Complaint filed by Federal Defendant Special Agent Rardain is **GRANTED** and Defendant SA Rardain is dismissed with prejudice from this lawsuit.

                                                    BY THE COURT:

                                                    s/Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    Chief United States Magistrate Judge

cc: DONOVON LEE
MZ-7143
SCI Forest
PO Box 307
1 Woodland Drive
Marienville, PA 16239
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)